Good morning, and may it please the Court. My name is Andrew Kennedy, and I represent Travis Fischer in this manner. I intend to reserve two minutes for rebuttal. Your Honors, this case is not a complicated one. It ultimately comes down to one jury instruction and whether that jury instruction constituted an improper commentary on the evidence. And it did in two specific ways that through a plain reading of the English language demonstrates that it did. The fact is that that chart specifically said that it set forth the alleged the dates and locations of the alleged thefts of government money or property. A basic reading of that sentence, the word alleged modifies thefts. It does not specifically modify government money or property. Had the source of the money been made an issue in the case? It had. Was there any evidence that the money came from any source other than government agencies? There wasn't evidence that it came from. Well, the evidence was that it came from the State agencies. It was administered by the State agencies. So there wasn't evidence. Was there any evidence contrary to that that had been offered that at least some of the money had originated with Federal agencies? No, there wasn't evidence that it didn't originate with Federal agencies. So what difference did this make? How was this error not harmless? Because this is not, I believe this was not the most simple issue for the jury to decide. You had relatively low level functionaries from the State government agencies saying, well this money ultimately traced back to the Federal government. And you had 12 lay people on the jury that had to believe that in fact this money that he was receiving was the money from the Federal government. And there was no evidence to the contrary? There wasn't evidence specifically saying it didn't come from. How hard is it to believe that? That doesn't strike me as a tough finding. Well, I think the evidence to the contrary was the fact that the jurors walked in and they said this money came from the Seattle Housing Authority. That's the Seattle Housing Authority. That is not the Department of Housing and Urban Development. This money came from DSHS, not the Federal Department of Agriculture. And they needed to be convinced by the government, the government's burden to show that that money was indeed the Federal money. The notion that State governments get money from Washington, D.C. is not an exceptional one. I mean, I don't know what proportion of the population reads newspapers anymore, but I pick up the newspaper this morning and see reference to Federal funding for local programs. And it's just kind of background noise. So why somebody would disbelieve that when there's no evidence to the contrary, I have trouble understanding. I don't necessarily think it's a matter of them believing it or disbelieving it, but to the point that they understand that this specific money was the Federal money that was being taken, I think is what's at issue here. I think people, when they first see that Seattle Housing Authority, they think that money's coming from Seattle. And I don't think that what the government presented was enough for them to prove beyond a reasonable doubt to these 12 people that it necessarily was the Federal money that was being taken. Counsel, there are a number of cases that say it is the court's discretion to whether the indictment goes back to the jury. How is this any different than that? I think this is much different from the indictment going back to the jury because the indictment is something that is clearly stating this is the indictment, this is what the government is alleging. I think if the government, if the court had specified this is what the government is alleging, everything would have been fine. That's what they did with regard to the other chart. The problem here is that it only said that thefts were alleged. It did not say this is what the government is laying out on the indictment. It's saying these are the alleged thefts of government money or property. And then the second way in which I think this was particularly problematic is if you look at the way in which it identified these government agencies. With regard to the first two, it said Seattle Housing Authority, parentheses, Department of Housing and Urban Development, which I think to most people would be kind of as an aside saying you may read that as Seattle Housing Authority, but really, believe me, that's the Department of Housing and Urban Development. But then if you look at count 14, it doesn't even mention the State DSHS. It just says Department of Agriculture. So they can't have their cake and eat it too there. Either they're using the parenthetical as an aside to say this is really that agency, or they're saying don't even look behind the curtain. This is straight up clearly from the Department of Agriculture. This reminds me of the cases where being a federally insured bank is an element of the crime and the government is always required to put in some certificate or something that proves that it's actually a federally insured bank, the armed robbery cases that we had. So I see what you're saying and I accept some of it because it's analogous to those cases and it seems odd that the government has to prove that it's a federally insured bank because generally they are and they're known to be. I guess I go back to why isn't this harmless though? Because I think that this is an issue that the jury... There weren't a whole lot of contentious issues in this case and I think this was one of the more contentious issues that there was and this was an issue that wasn't necessarily clear to the jury. They did not have someone saying okay here's how you trace the money. This is the bank account that the money goes into. It goes from this account to that account and then it goes out to the people and it's clearly the federal money that is going to these people. I think this is a question that when you're talking about 12 lay people on the jury, there's more than a reasonable probability that they would have said I don't know that that was the federal money. This is a state agency. I'm not sure that that particular money that we're doing is the federal money. What evidence is in the record to show that it was federal money? Well they introduced a testimony of four people who were relatively low level functionaries saying the money is 100% from the federal government and then they had a chart that said how much is federal money and how much is state money. But again I think what they needed to do to make it harmless beyond a reasonable doubt would have been to spell out exactly how the money went from the federal government to the recipient and to kind of say look there is no transfer of the money to the state to convince these 12 lay people of the jury that the money was actually federal in nature. So I think that ultimately what the judge did here was much more serious than what happened in these other cases that we cited in our brief in which the court said this is my opinion. Here what you have is the judge laying out what happened here as though it's a fact, saying the alleged theft of government money on property. So it's more egregious than saying this is my opinion and then the jury could say well that's his opinion I'm going to disregard it. So the relief you're seeking in this case is effectively a resentencing? Yes. Well ultimately I think it would be a resentencing. I think it would be to vacate the conviction on those counts but I think ultimately the result would probably be resentencing. Because you're only challenging those three counts. There's still all the other counts he was convicted of. Yes. Okay. Unless the court has any further questions I would ask for reversal and I would reserve the remainder of my time for rebuttal. Very well thank you. May it please the court. Benjamin Diggs for the United States. Appellant's argument depends on his mischaracterization of his appeal as an issue of judicial commentary. It's not. The district court did not comment on the evidence but simply summarized the government's allegations and only after accurately instructing the jury on the elements they must find proven beyond a reasonable doubt. The court should affirm appellant's conviction on the three counts. The court clearly and correctly set forth the elements of that crime and was well within its discretion in formulating the instruction in a way that guided the jury's deliberation. Now in attempting to wedge this into the framework of judicial commentary, appellant relies on distinguishable cases where the court does insert itself into the proceedings, makes comments or observations, gives opinions, sometimes permissibly and sometimes not. But appellant cites and can cite no cases where the court insidiously, to use his word, comments without commenting as is asserted here. And as your honors have raised, even if the inclusion of this chart were error, it's harmless error. The evidence of the federal source of the stolen funds in counts 9, 10 and 14 came through essentially unchallenged testimony of four government witnesses and appellant raised no evidence sufficient to support any contrary finding. I was just curious. I've never seen a chart like this as a jury instruction. I'm not telling you I think it's right or wrong. I've just never seen it done before. Was this something that was submitted as part of the government's proposed jury instructions or did the court come up with this? It was submitted as part of the government's instruction, your honor. And as your honor asked, it would have been appropriate and maybe more traditional for the indictment to go back to the jury. But in this case, it was a detailed fraud involving a number of agencies, a 12-page indictment, where, frankly, the government's feeling was this was an appropriate way. Doing it this way was an appropriate way to guide the jury in a reasonably complicated case without attempting any prejudice. Because I've certainly I think it Sorry, go ahead. No, I've certainly seen it done with a chart that the prosecutor uses to argue. But I've just never seen this. Is this a standard practice in the office up here? I don't think it is a standard practice, your honor. Not that I'm aware of. Did your honor have a question? I just think, yes, you're saying you used it to guide the jury. I think this is an instruction that the Seattle Housing Authority actually was the Department of Housing and Urban Development. And I don't see how this isn't telling the jury that that's where the money came from. And I do find this to be misleading and inappropriate. I don't know if you call it commentary. I think it's a wrong instruction. I don't ever recall putting the government's indictment into a jury instruction, which all of a sudden takes something that's just allegations and transforms them into the judge telling the jury that that's where the money came from. Well, your honor, I think it's clear from the plain language of the instruction that this is the government's allegation and it is a summary of the government's allegation. No, it's not clear because it says alleged theft, but it doesn't say alleged source of the money or alleged property by count. So it's not just a summary of the allegations. The court had introduced the crime just moments earlier saying the defendant's charged in counts 9 through 14 of the indictment with theft of government money or property. So that, theft of government money or property, is the name of the crime. And by saying the below chart lists the alleged theft of government money or property, it's just orienting the crime. It's a prepositional phrase where alleged government money or property. No, it's not. It's alleged theft, and the alleged sources of that money. So that's not how the word in the ordinary sense of the English language is modifying. It's only modifying thefts. Your honor, I would argue that it was not only clear from the written instruction, but then the judge emphasized that in his verbal introduction to the jury by saying, you'll see the counts, again, you'll see the counts on the left, the dates the government's alleging, the amounts, and the government agency involved. Well, let me just put it this way to you. I have a debate in my mind over whether this was harmless or not, but I definitely think this is wrong and I've never seen it done before, and I was a district court judge, and I wouldn't have done this, and I would just recommend that in the future, you be very careful about cutting up indictments and cutting and pasting indictments into jury instructions. I think the fact that it's an allegation, as I mentioned, it's said twice within the introduction of the chart, but again, when you look in the instructions in their entirety, not taking one in isolation, but in the context of the entire charge, that's where the government's argument about the mail fraud instruction is helpful, because a nearly identical chart is introduced in that crime, and the judge gives nearly identical language saying, you'll see the dates the government's alleging, the addressee, the sender, and the item mailed. Let me just jump in here. I think maybe a better answer to Judge Wardlaw's question is I understand your concern, Judge Wardlaw, but here's why in this case it's harmless. So why don't you take that approach? I think she's made a point here. I want to make sure you get that point she's making, but then explain to us why it doesn't matter in this case. It doesn't matter in this case, Your Honor, because the evidence was clear beyond a reasonable doubt that no rational jury could have found, no rational jury would have acquitted on this charge with or without the chart at issue. That's because four government witnesses testified essentially unchallenged that this was federal money and only federal money. First we had a program manager from HUD who ran the program for this low-income housing program that Appellant used who testified that there are only two sources of rent here, the discounted rent paid by Appellant and the federal money that is the subsidy that is the loss at issue. Next the property manager for the building involved came and gave the same testimony that the tenant pays a discounted rent and the balance of the rent between what is paid and what is market is HUD subsidy. There was essentially two identical questions asked on cross-examination to the HUD program manager that essentially confirmed that this was federally sourced money. He said, so HUD pays the money to Seattle Housing Authority, yes, yes, and Seattle Housing Authority provides the subsidy, but made clear on redirect that there are two and only two sources of this money, what is paid by the tenant and what is paid by HUD. As far, and then in closing argument, defense raised kind of an aside that we don't know where this housing money came from, but that comment is simply not supported by the record. We do know and there was testimony about that. As far as the food subsidy that's the subject of count 14, two government witnesses testified about the source of those funds, one testifying that the food stamp program is federally funded, another testifying that that money comes from USDA, Department of Agriculture, and that can only be spent at USDA-sanctioned locations. There were no questions asked to either of those two witnesses on cross-examination and there was no mention made in closing argument about the source of the federal funds for the food program. An exhibit was also introduced regarding the food program showing that the specific benefit payment that's the subject of count 14 was $108 of federal money, $0 of state money, and $108 of total money. So there were no questions or disputes about that exhibit nor about the testimony supporting it. Unless your honors have further questions, I'll ask that the convictions be affirmed. Thank you very much, counsel. I'll be very brief. Just two quick points. One with regard to the actual propriety of instructions. I just wanted to clarify, as the government pointed out, they said that the judge went on to clarify his points orally and in doing so made it more muddled, not less, because he said the dates, location, again, broken up into accounts on the left side, the dates the government is alleging the amounts and the government agency involved. So there he said the dates they're alleging and again didn't apply allege to the government agency involved. No, and I appreciate your argument, but I think Mr. Diggs makes a pretty strong point that this was never really at issue at trial, was it? I've read the transcripts and pretty perfunctory testimony without much cross-examination. I understand your honors point, but I still say that what you have here is state agencies and I think the 12 people on the jury are not inclined to believe that these state agencies are entirely conduits for the federal money, that there had to be some act of the state that they have some budget from the state. And even if you have witnesses saying, well, my understanding is that all the money comes from the federal government and then it goes straight through to the recipients. I don't think that in the minds of 12 lay people that necessarily proves that this was the federal money that he was taking. But in closing, for example, did you argue that? I forget who argued the case, but did the trial counsel argue that? Well, as the government said, the attorney that did closing simply said, it's not clear where the money was coming from. I think they were relying on residual doubt on the part of the jurors regarding that issue because I don't think that those four witnesses as adamant as they may have been that, yes, this was federal money, that it was enough to overcome the doubt in the mind of a juror that this state agency may not entirely be giving out federal money. And because of that, I think that these convictions on these counts should be reversed. And unless there are more questions, thank you very much. Thank you, counsel, very much. Thank you both for your argument in this case. This matter is submitted.
judges: Wardlaw, Clifton, Owens